Good morning. First case this morning is 081172, Schick v. United States. Mr. Peterson. Good morning, Your Honor. The question in this appeal is whether Section 641 of the Tariff Act should be construed in a way that requires a customs broker to receive a hearing before his license is revoked for the very minor offense of failing to timely file a change of address form. The U.S. Customs Service revoked my client's license because my client had failed to timely file a triennial report with the agency. Now, both the Court of International Trade and the Commissioner of Customs himself have said that's just a minor transgression. It's the equivalent of failing to timely file a change of address form. But what the court held is that my client, although he is losing a constitutionally protected property right in his license, gets no hearing whatsoever, not pre-revocation, not post-revocation. We suggest that that reading of Section 641 calls into question its constitutionality. What is the nature of the hearing, the inquiry that would occur? The statute is quite specific, is it not, about what a person is supposed to do for this triennial report? So what's the dispute here? What's the hearing? Well, the hearing is provided for in Section 641D of the Act. And what it says is, in any case where a broker is accused of violating any law or any regulation administered by customs, they are entitled to have notice, a hearing before an administrative law judge. They have the right to be represented by counsel. Well, that's your argument as to why there is an entitlement to a hearing. But I think this first question, and I have the same one, is what is there to be heard? This strikes me as a pretty short hearing. Well, not necessarily, Your Honor. I mean, in this case, my client had a reasonable excuse for failing to timely file his report. He was ill. He was hospitalized and incapacitated at the time. He really wasn't in a physical or mental state to make the report. And you think that the statute allows for good cause exceptions? I think the statute requires it in any case. I think it requires it regardless of the reason that customs wants to revoke the broker's license. Section 641D No, I'm talking about G now, when I say the section. Do you think that G2 contemplates that revocation may not be imposed upon a showing of good cause? Yes, Your Honor. I think G2 is ambiguous. G2 contains both mandatory and permissive language. The preamble section says that what happens when the annual report or the triennial report is not timely filed is that the license is suspended. So we know that a suspension occurs. It says it may thereafter be revoked subject to the following procedures. Now, it's not clear whether the procedures to follow are intended to be exclusive and without regard to the right to hearing in Section 641D or whether they are additional. And a proper interpretation of this statute suggests that they are, in fact, additional requirements. Subsections A and B say that the secretary has to send written notice and give an opportunity to correct. If the broker is able to timely correct, the statute says that's the end of the revocation proceeding. The license is back. Let me ask you a different question, if I could. Going to jurisdiction, in light of this dispute. Well, because in RetiMol, which was brought in the CIT by a pro se plaintiff, there was no claim made of a right to a hearing under Section 641D. In that case, the question of whether 641D required a hearing in these cases was never raised. We raised this question in this case. What we're saying in this case Well, what was the issue in RetiMol? The issue in RetiMol was that the broker had his license revoked for failing to file a triennial report. He argued reasonable excuse, but he never argued the right to a hearing. He took the position that subsection G and G alone was the authority for the revocation of his license. And our court said no, there's no subject matter jurisdiction. No subject matter jurisdiction if the action arises under G. But in this case, what we're contending is that our client had a right to a hearing under subsection 641D. Now, when a broker receives a revocation hearing under Section 641D, the Court of International Trade does have jurisdiction over the matter. Let's be a little more precise about the jurisdictional requirements here, because the jurisdictional provisions spell this all out in some detail. Do you view this decision of the Secretary as a decision to revoke under G or a decision to revoke under D? We believe that the only revocation that may occur has to be after a, well, Here's the language I'm focusing on, and let's see if we can talk about this in terms of the jurisdictional language. 1581G2 says that the Court of International Trade shall have exclusive jurisdiction of any decision of the Secretary of Treasury to revoke or suspend a customs broker's license under 641D2B. So is your contention that the decision of the Secretary of Treasury in this case was under 641D2B? No. We are suggesting, well, there was no decision of the Secretary in this case. There was just a revocation by customs. Well, okay, but I mean, the Secretary is... Well, it's actually... Well, if there's no decision of the Secretary, then sure we don't have jurisdiction. Oh, no. Our contention is that we were entitled to a decision of the Secretary under 641D. In other words, what we're saying is 641G may specify one of the grounds for which a revocation... Once again, looking at the language here, where do you find... Show me the way we say, aha, there's the basis for jurisdiction in this language, because you're saying we were entitled to something, but you're not pointing to language in the statute... The answer... ...that specifically gives jurisdiction to the CIT, as far as I can see. The jurisdiction of the CIT is under Section 1581I4. That gives the Court jurisdiction over any case involving the administration and enforcement with respect to matters referred to in and then subsections A through H of this section. What we are saying is this case involves the administration and the enforcement of the custom broker statute, which would give rise, if it had been followed, to a cause of action under 1581G. What we are saying, essentially, is we were deprived of a hearing that we are required to have, and we are required... I guess, could you go... So you think it's under 4, and 4 refers back to paragraphs 1 through 3 of the subsection and subsections A through H of this section. Right. So which of those are you going back to? We include subsection 1581G, which involves the CIT's jurisdiction over broker license revocations. Revocations under 641. Right. And so... G, but not G. The question I have is, aren't you bringing yourself back to the point that Judge Bryson was making earlier, even if you go to I4? Because then that just takes you back to G2, which is the section that Judge Bryson was referring to earlier. Right. But what this involves is not a revocation under G2. It involves the question of the administration and enforcement of matters relating to G2. In other words, the question posed here is, was my client entitled to a hearing and a revocation procedure that would have given rise to jurisdiction of the court under 1581G? But your theory seems to be, well, there was a revocation under G, but it was a revocation... Right. It was a revocation for reasons specified in G. Right. Okay. But nonetheless, there's jurisdiction under 1581I4. But Retemal says the revocation of a license under 1641G is not referenced anywhere in 1581A through H or I1s through 3, and therefore, jurisdiction cannot lie under 1581I4. That seems to block, or at least be a substantial barrier to you in getting to 1581I4. Well, Your Honor, we're raising an argument that wasn't raised in Retemal. In Retemal, the appellant assumed and the appellant agreed that subsection G not only provided a rationale or a reason for revocation of a license, but also a self-executing mechanism for revoking the license, a mechanism that doesn't provide for a hearing. That's not what necessarily section 1641G says. What section 1641G says is that if a required report is not filed and the problem is not corrected, the license shall be revoked without prejudice to the filing of an application for new license. Now, that does not say by what procedure the license shall be revoked. It does not say that the license shall be revoked without a hearing. It does not say that for this minor transgression, the license shall be revoked without regard to the procedures in 1641D. And there's a serious question, Your Honor, with interpreting 1641G as providing for the revocation of the license without hearing or the opportunity for hearing. And the problem is that it calls into question the constitutionality of the statute. And that's really the crux of our argument here. It's a question of how you interpret section 641. If this court interprets section 641 as providing for the revocation of a broker's license with no hearing, no opportunity to go to the Secretary of the Treasury, no opportunity to have a monetary penalty imposed in lieu of a no opportunity for settlement with the Secretary of the Treasury, then you call the statute into constitutional disrepute. But what exactly is your argument? Is your argument that G therefore requires the globbing on of the procedures of D? Or are you saying that under your interpretation of the statute to preserve its constitution, whatever, that G is sort of really a subset of D? I'm saying that G does nothing more than provide one of the grounds on which a license may be revoked. So in essence, it's almost like a subsection or a subset of revocations under D? If you decide that the broker has violated G, just as if you decide the broker has violated any other customs law or regulation, you go to the procedures in D. Because what? Because that revocation is also included under the revocations covered by D? Yes, it is. The revocation covered by D covers revocations for any violations of the customs law or regulation. And subsection D goes further. It says that for any violation except for a couple of criminal violations, the option of a monetary penalty in lieu of a revocation is available. So to go back and answer a question that Judge Bryson had asked before, what would we expect if we were to get the hearing? I would expect that we would get the hearing, we would have the opportunity to plead to the Secretary of the Treasury under the settlement function of section 1641D, that this is a broker who's got 20 years of a clean record. He committed no violation other than failing to file a minor triennial report. He has excellent cause. But what, how do you get around, how do you get around then C, which seems to be quite clear that it shall be revoked, seeming not to allow the Secretary of the Treasury discretion? It says it shall be revoked without prejudice to a new license. You may read that simply as saying that if it is revoked, it's revoked without prejudice. In other words, there's no revocation with prejudice. So you read shall be revoked to it may be revoked? Right, because the prefatory language to the section says that the license may thereafter be revoked subject to the following conditions. Now there's obviously an ambiguity in the statute and there's two possible ways to resolve it. What we're saying is if you resolve it the way the CIT did by saying this protected constitutionally protected property, this license is revoked with no hearing whatsoever, it's going to follow that section 1641G as interpreted by the CIT is unconstitutional. At this point, it's just a question of statutory construction and we think that's the construction this court must take. My time's expired. Mickey Cote, your honor. Thank you, your honors. The secretary didn't make a decision to revoke a license here. The language of section 1641G2 is plain and unambiguous. For sure, the word may is used, but it's used in the term of a contingency. If after having been provided notice that they have failed to provide a triennial report, one of a couple of things could happen. They could produce the triennial report within the time frame allowed by section 1641G2, or they might not produce it. In the event that they do not produce it, the license will be revoked. In the event that they do produce it within the required time period, it will not be revoked. So you're saying that the language is and may thereafter be revoked is not really discretionary. It's depending on a condition and if a condition is met, then it isn't discretionary. That is precisely what the government is arguing here and that is the only way that the terms of this statutory provision can reasonably be interpreted. Listen, there are, there's certainly for sure 1641D2B allows for discretionary revocations. 1641G2, however, does not and we don't want it to. We don't want the secretary to be allowed any discretion to take away someone's license for failing to file a triennial report because if they could do it that way, there would be no reason to resort to the hearings provided for in 1641D. They could just say simply, we never received your license and therefore it's gone. Here, however, what this, what Congress did is it took discretion completely out of this and it mandated certain procedures for a simple statement. I am still acting as a customs broker and I'm doing so at this location. And the government below, before the CIT did argue that there was no subject matter jurisdiction on this case. Absolutely. We argued that there was no jurisdiction for the court to entertain this case. It really, I understand why the trial court did what it did here. Because, and that is because they were arguing something that seems a different spin that was included in the Retinol case, correct? That is correct. They gave a spin and the operative word would be spin. So it was incumbent upon the CIT judge and the government's view to deal with that argument as a threshold matter? Oh, absolutely. So what would the government say that they could do it as a threshold matter, but on the question of jurisdiction as opposed to the way they did it? I mean, I thought you said earlier that you thought the CIT judge was wrong and that he should have said there was no jurisdiction. Well, ultimately the court did say it didn't have jurisdiction over claims that were raised under 1641 G2. Right. And that is for sure. Claims raised under 1641 D, however, the court, there's no doubt that the CIT has jurisdiction over such claims. The question becomes, what does the court do when someone asserts what is tantamount to a frivolous claim? Are they to just treat it as frivolous or are they to look at it and make a determination that the claims really don't arise under the provision they're asserting? And so I think that... Arise under isn't the statutory language though. And that's what's got me a little troubled. The language in 1581 G is a decision of the, I believe, let me just... Oh, it does say decision. Decision of the secretary to revoke under D, D2. Correct. Right. Correct. So in this case, well, let me ask you this question. Suppose the secretary decided that CIT is getting to be a nuisance reviewing all of our disciplinary actions and the secretary said, okay, we have something that is clearly a disciplinary action that would otherwise fit under G. We'll just make a decision under G. Would that be, would the CIT have jurisdiction to review that since the decision was not made under D? Well, see, it presupposes that a decision was made by the secretary under G. The secretary is claiming that the decision is made under G. Do you think that the CIT would have jurisdiction to say, no, this really, really fits under D. It really belongs under D and therefore it's in effect a decision by the secretary under D and therefore I, the CIT, have jurisdiction? That's essentially the flip question of what Judge Prost asked me a few minutes ago. Fundamentally, I disagree with the premise. I understand your question. Well, indulge me. I understand your question. My reading of the statute is that the secretary doesn't have the discretion to make a decision under G. So I don't know how to really answer you here. If a decision is being made by the secretary to revoke someone's license, that decision, if it's for one of the disciplinary infractions that are encompassed by 1641D, then regardless of how it's cloaked by the secretary or anyone else, it is encompassed by D. Yeah, I would think so. And the Court of International Trade would have jurisdiction. And I guess the argument that we're making to the Court here is a flip of that. Here, Mr. Schick is attempting to cloak a 1641G2 revocation in the guise of a 1641D discretionary revocation by the secretary. Isn't it necessary, and this is a follow-up, I think, of Judge Prost's question, isn't it necessary for the Court, even if the Court ultimately is going to reach the conclusion that was reached in Rademal that there isn't jurisdiction, isn't it necessary for the Court first to address Mr. Peterson's argument that the procedures of D do or don't apply to a G-type revocation? Because if they do apply, then arguably the Court has jurisdiction, right? I think that's what the trial court here did. And you agree that that's proper? No. Well, that was my question. If not, why not? In order to get to the question of whether there is a lack of jurisdiction under G, don't you have to first reject the argument that D, the procedures of D, apply? That is precisely what the trial court did here. The problem that I'm having with responding to this question is that I really don't know the answer to your question. On the one hand, I think the Court is absolutely required to make a determination as to whether or not there is merit to a claim that is within its jurisdiction. Here, a 1641 D claim would arguably be in the Court of International Trades jurisdiction. The question is whether or not there's any merit to the claim in the first instance. Here, there's no merit to the claim, and so the Court lacked jurisdiction. However, there could have been a possible... I can't even see the possibility of that occurring. 1641 D deals with a completely different set of issues that pertain to fraud, that pertain to the theft of monies, crimes for lack of a better word. I think you kind of answered the question a little in response to one of my questions, which is maybe analogous to what happens in some of the personnel cases, which is if you've resigned voluntarily, there's a threshold question of jurisdiction, and then we have this diversion of was it frivolous or non-frivolous, and either a hearing or not, depending on that. So there's convoluted procedure, but I think you mentioned in response that you do, in the jurisdictional context, look at whether or not at least it's frivolous or something, and that's a threshold inquiry with respect to jurisdiction. Would you agree with that? I believe that that is 100% what I stated earlier. So your view is that the CIT judge here could have made that determination in the context of jurisdiction, but having concluded as he did that it wasn't warranted, then just decided this case on a jurisdictional basis. That is exactly the position of the United States here, your honor. That is precisely our position. I think the court had to look at whether or not it was a frivolous claim, but once it made a determination that the claim in and of itself didn't fall within the scope of 1641D, the question, the sole question before the court was do I have jurisdiction under 1641G too? And the answer is no, because 281581 does not allow for the review of revocations for failure to file a triennial report. The statute speaks of, does not explicitly as to which revocation proceedings are encompassed by it. There is no dispute that 1641D and 1641G both deal with the revocations of licenses, and what is most interesting, and I believe dispositive, is that the legislature decided not to include 1641G too in the mandate conferring jurisdiction upon the Court of International Trade. By leaving it out, not simply saying revocations and suspensions in general, by leaving it out, it is an express statement that they did not intend the Court of International Trade to hear such cases, and Redemauld states that definitively. So if we accept your argument, that argument, what is left of the case here? The case should be dismissed here. All of it? The entire case? The entire case, the case in its entirety. You say in your brief that it required the dismissal of the part of this action pertaining to 16G too, and I was trying to figure out what other part was left. Is there any other part? There was the part that dealt with Schick International, so I The case in its entirety must be dismissed because the Court of International Trade completely lacked jurisdiction over the issues involved in this action, and for all those reasons, we would request that this Court affirm the judgment below and just dismiss this case. Thank you. Mr. Pisa. My distinguished adversary got two things exactly wrong. First, she suggested that you look at the merits of a case before deciding if the CIT had jurisdiction, and that is not the case. The question of whether the CIT had jurisdiction is determined by the question that we pose, not the answer to that question. The question we posed is whether Section 1641D, which is one of the things that relates to the Court's decision under subsection 1581G, whether that statute must be construed so as to give a hearing in this case. The Court clearly had jurisdiction to decide that question, and it did, and that's the question whether they did that correctly that is before you. Once they said that they decided that there was no right to a hearing, they didn't listen to the rest of our arguments, but the question before you is one that clearly has jurisdiction in the CIT. It's not dependent on the outcome. If that were the case, all merits dismissals would be for lack of jurisdiction. The second thing that my adversary got completely wrong is the construction of the statute. It doesn't matter what Congress said or what the content of Congress would be, if in fact Congress said that if you're convicted of a crime or if you're doing terrible things, you get a due process hearing, but if you just didn't file your triennial report, you're gone. No hearing, no nothing. They acted unconstitutionally. Due process rights don't emanate from statute. They emanate from the Constitution. This Court made that clear earlier this year in the Consolidated Coal case. So the question here is whether there is any ambiguity in the statute. If the Court says there is no ambiguity and people have their licenses revoked under Section 1641G, which is what happened to my client, my client has been deprived of constitutional due process under Bell v. Person and the other cases relating to licenses of protected property. So that would be the outcome of affirming the CIT's decision. If there is a way to construe the statute so as to preserve its constitutionality, then that's the construction this Court must adopt. And we believe that by saying that the revocation for the grounds specified in Subsection G must be done through the procedure in 641D, which is certainly a permissible construction of this statute,  All right, thank you. Case is submitted.